# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Carol Madison, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   Civil Action No. _____ |
| v. | ) |
| | ) |
| DCM Services, LLC | ) |
| and John Doe, | ) |
| | ) |
|       Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4.  Plaintiff Carol Madison (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant DCM Services, LLC (hereinafter "Defendant DCM"), is a collection agency operating from an address of 4150 Olson Memorial Highway, Suite 200, Minneapolis, MN 55422-4811 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.  Defendant John Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant DCM as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7.  Sometime prior to June 2009, Plaintiff's husband incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.  Plaintiff's husband past away Sunday May 3, 2009.

9.  Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant DCM for collection.

10. Upon information and belief, Defendant DCM started a collection campaign in attempt to collect the debt from Plaintiff.

11. Upon information and belief, Defendant Doe continuously inquired as to what assets the Plaintiff and Plaintiff's late husband possessed and if they had life insurance policies. Defendant Doe also stated that Defendant DCM could put a lien on Plaintiff's home to get the debt paid.

12  The conduct of Defendant by threatening to take an action that cannot legally be taken or that was not intended to be taken, using conduct the natural consequence of which is to harass, oppress, or abuse a person, and using unfair or unconscionable means to collect or attempt to collect the alleged debt are violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(10) and 1692f amongst others.

## Respondeat Superior Liability

13. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant DCM who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Phillips & Cohen.

14. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant DCM in collecting consumer debts.

15. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant DCM.

16. Defendant DCM is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

17. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and Minnesota law, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

18. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, frustration, embarrassment amongst other negative emotions, as well as suffering from unjustified and abusive intrusions upon seclusion and his right to be let alone.

19. Defendants' negligent and/or intentional acts resulted in the violation of numerous provisions of state and federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

23. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 .S.C. § 1692 et seq.**

24. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

25. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

26. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## **COUNT II.**

## **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

27. For an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

28. For such other and further relief as may be just and proper.

Dated:  September 4, 2009　　　**MARTINEAU, GONKO & VAVRECK, PLLC**

　　　　　　　　　　　　　　　　　　s/ Mark L. Vavreck                              .
　　　　　　　　　　　　　　　　Mark L. Vavreck, Esq.
　　　　　　　　　　　　　　　　Attorney I.D.#0318619
　　　　　　　　　　　　　　　　Designer's Guild Building
　　　　　　　　　　　　　　　　401 North Third Street, Suite 600
　　　　　　　　　　　　　　　　Minneapolis, MN 55401
　　　　　　　　　　　　　　　　Telephone:  (612) 659-9500
　　　　　　　　　　　　　　　　Facsimile:   (612) 659-9220
　　　　　　　　　　　　　　　　mvavreck@mgvlawfirm.com

　　　　　　　　　　　　　　　　ATTORNEY FOR PLAINTIFF